UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3008-BO

| | | |
|---|---|---|
| ROBERT MILLER LATTIMORE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MARGARET COOPER, et al., | ) | |
| Defendants. | ) | |

Robert Miller Lattimore, an inmate within the custody of North Carolina, filed this 42

U.S.C. § 1983 action. The matter is properly before the court for a frivolity determination

pursuant to 28 U.S.C. § 1915(e)(2). A claim having no arguable basis in law or in fact may be

dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989).

Plaintiff names two defendants both of whom work in the prison mail room at Polk

Correctional Institution. He appears to challenge the mishandling of his incoming and outgoing

mail. He seeks injunctive relief and damages. The claims are ALLOWED to proceed.

In addition to his complaint, Lattimore has made multiple filings in this action. Pending

before the court are 7 motions for preliminary injunction or temporary restraining order (D.E. #

4, 5, 7, 9, 12, 15, and 18), two "motions of declaration" ( D.E. # 8 and 10), two motions for

interrogatories, depositions, and discovery (D.E. # 20, and 23), two motions for default judgment

or entry of default (D.E. # 24 and 26), and a motion for appointment of counsel (D.E. # 22).

Lattimore has also filed numerous other pleading not pending as they were not filed in motion

form.

The motions for preliminary injunction or temporary restraining order ("TRO") are

denied. A court may grant a TRO without notice to the adverse party if "specific facts in an

affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motions for a TRO and a preliminary injunction (D.E. # 4, 5, 7, 9, 12, 15, and 18) are denied.

The discovery motions are denied. The court does not intervene in the initial requests for the production of documents, affidavits, and other discovery material. Plaintiff must request the documents and admissions from the appropriate parties as required and outlined in the Federal Rules of Civil Procedure and Local Rules. Therefore, the motions seeking discovery (D.E. # 20, and 23) are DENIED.

The motion for appointment of counsel is denied. There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3

2

(1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The case does not appear to present exceptional circumstances and the motion is denied at this time (D.E. # 22).

The motions for entry of default are likewise denied. Federal Rule of Civil Procedure 55 provides that an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Entry of default pursuant to Federal Rule of Civil Procedure 55 is not proper in this case because the frivolity review has yet to be completed and no one has been served. Plaintiff's motions for default judgments are denied (D.E. # 24 and 26).

Accordingly, the Clerk is DIRECTED to maintain management of the action as to these claims. However, the motions for preliminary injunction or temporary restating order are DENIED (D.E. # 4, 5, 7, 9, 12, 15, and 18); the motions of declaration are ALLOWED (D.E. # 8 and 10); the motion for discovery are DENIED (D.E. # 20, and 23); the motions for default are DENIED (D.E. # 24 and 26); and the motion for appointment of counsel is DENIED (D.E. # 22). Plaintiff is also WARNED to limit his filings to those which are necessary. Unnecessary and frivolous filings will impede judicial efficiency and the administration of justice. SO ORDERED, this the _6_ day of December 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE