UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3008-BO

| | |
|---|---|
| ROBERT MILLER LATTIMORE, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARGARET COOPER, et al., )<br>Defendants. ) | O R D E R |

Robert Miller Lattimore, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. Plaintiff names two defendants, both of whom work in the prison mail room, at Polk Correctional Institution. He appears to challenge the mishandling of his mail and seeks injunctive relief and damages. Before the court is defendants' motion for summary judgment. The court considers the filings made by plaintiff after the motion to be his responses. The matter is ripe for determination.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes

the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587.

Plaintiff argues that defendants have mishandled his legal and personal mail. First, plaintiff has a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Ex Parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). Legal mail generally may not be opened outside of the presence of the prisoner-addressee. Wolff v. McDonnell, 418 U.S. 539, 578 (1974). However, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim or show actual harm by the opening. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–54 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc); American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785-86 (4th Cir. 1993). Further, isolated incidents without negative consequences to plaintiff do not constitute a constitutional deprivation of one's rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (occasional accidental opening of legal mail does not state of claim of the denial of one's right to the access of court). "[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). In order to show actual injury, "a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Id. at 1290-91 (citations omitted).

Plaintiff has failed to show any harm to any legal matters because of the alleged mail incident or incidents regarding his legal mail. While the exact nature of the claims is unclear, with regard to his legal mail, plaintiff appears to be trying to communicate with the local district attorney's office to lodge a criminal action against a guard. ((D.E.# 45 "I wanna file charges with District Attorney Colon Willoughby and take a polygraph test my allegations are true.") Plaintiff alleges the guard has made sexual advances and assaults against plaintiff within the confines of the institution. (D.E. # 45, 46, 47).[1] This is not the type of legal mail claim for which plaintiff has a constitutionally protected right. Furthermore, plaintiff only makes a blanket assertion from which this information can be surmised. There is no actual evidence that plaintiff in fact has had legal mail confiscated and certainly no indication that any injury has resulted.

Secondly, the court shall review the mail monitoring claim. While prisoners and detainees have some First Amendment rights in both receiving and sending mail, it is clear that prison officials may place reasonable restrictions on these rights. See Thornburgh v. Abbott, 490 U.S. 401, 413 (1989); Pell v. Procunier, 417 U.S. 817, 822 (1974); Bell v. Wolfish, 441 U.S. 520, 544-52 (1979). ). In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail. See Thornburgh, 490 U.S. at 413.

---

[1]Plaintiff's allegations about this sexual harassment are included in grievance forms dated December 2011. Thus, any allegations about that guard, Mr. Garrett, are not before this court given Mr. Garrett is not a named defendant and the issue was not properly exhausted when the matter was filed in January 2010.

3

In order to maintain prison security and to check for contraband, prison officials may, pursuant to a uniform and evenly- applied policy, open an inmate's incoming mail. See Wolff v. McDonnell, 418 U.S. 539, 574 -77 (1974); Bumgarner v. Bloodworth, 768 F.2d 297, 301 (8th Cir.1985) (per curiam). Detention officers may also open and read outgoing general mail. Rodriquez v. James, 823 F.2d 8, 11-13 (2nd Cir. 1987); United States v. Felipe, 148 F.3d 101 (2nd Cir. 1998). Similarly, the detention officers may regulate inmate to inmate correspondence. Turner v. Safley, 482 U.S. 78, 91-92 (1987); Vestser v. Rogers, 795 F.2d 1179, 1180-84 (4th Cir. 1986).

Under these standards, the allegations of the non-legal mail issue fail to state a constitutional claim. Plaintiff's allegations do not focus on the policy over mail, but on his failure to receive one newspaper that contained football information he was interested in, several letters to different woman, and his failure to receive correspondence from several coaches from state universities. The attachments to the complaint indicate that plaintiff sent many letters to coaches throughout the country, and in fact received correspondence in return from some of them. (see attach. to complaint). Simply because he did not receive correspondence from every coach or the woman to whom he wrote, this is not illustrative of a systemic problem within the mail room. Isolated incidents which appear to be at most negligence in the handling of the mail, which span several years do not make a constitutionally viable claim, and the matter is dismissed. The court further notes, that plaintiff does not defend this claim, the non-legal mail, in his responses.

Summary judgment for defendants is GRANTED and the case is DISMISSED. (D.E. # 42). Having so determined all other pending motions (D.E. # 46 and 47) are DENIED as MOOT.

SO ORDERED, this the 30 day of January 2012.

                                     TERRENCE W. BOYLE
                                     UNITED STATES DISTRICT JUDGE